**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **TERRAVION, INC.,** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 20-12058-JTD** |
| Debtor | ) | |
| | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| **IMAGERY COLLECTION, LLC** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 20-12063-JTD** |
| Debtor | ) | |
| | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| **FARM MEASUREMENT, LLC** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 20-12064-JTD** |
| Debtor | ) | |
| | ) | |

**MOTION OF DEBTORS FOR JOINT ADMINISTRATION OF CASES**

TerrAvion, Inc., ("TerrAvion"), Imagery Collection, LLC ("Imagery Collection"), and Farm Measurement, LLC ("Farm Measurement"), the debtors and debtors-in-possession (the "Debtors" or a "Debtor") in the above-captioned cases (the "Cases" or a "Case") by their proposed counsel, Dunlap Bennett & Ludwig PLLC, state as follows in support of this motion (the "Motion"):

1. The Debtors request entry of an order in the form attached as **Exhibit A** (the "Order") directing that these Cases be jointly administered in accordance with Bankr. R. 1015 and Del. Bankr. L.R. 1015-1.

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, and this is a core proceeding pursuant to 11 U.S.C. § 157(b) and may be determined by this Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors consent to the entry of a final order or judgment by this Court.

3. The Debtors filed voluntary Chapter 11 bankruptcy petitions in this Court on August 31, 2020 (TerrAvion), and September 2, 2020 (Imagery Collection and Farm Measurement).

4. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors in these Cases are all "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

5. In addition, Del. Bankr. L.R. 1015-1 provides, as follows:

    An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

6. As set forth in the declaration attached hereto as **Exhibit B**, Imagery Collection and Farm Measurement are wholly-owned subsidiaries of TerrAvion. They do

not maintain separate bank accounts, and TerrAvion handles all of their payable and receivables. Imagery Collection and Farm Measurement have minimal creditors and assets and their businesses are closely related to and wholly-dependent on TerrAvion.

7. Joint administration of the Cases will yield costs savings to the Debtors and will not prejudice the substantive rights of any party-in-interest. Joint administration of the Cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, application, motions, and orders. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The U.S. Trustee and other parties-in-interest also will benefit from joint administration of these cases.

8. Further, joint administration will not adversely affect creditors' rights as this Motion requests only the administrative consolidation, not substantive consolidation, of the Debtors' estate. As such, each creditor will continue to hold its claim a particular Debtor's estate after this Motion is approved.

9. Pursuant to Del. Bankr. L.R. 1015-1, neither notice of or a hearing on this Motion is required.

Wherefore, the Debtors respectfully request entry of the Order and for such other and further relief as the Court deems appropriate.

Dated: September 3, 2020              Respectfully submitted,

                                      /s/ Tracy Pearson

Tracy Pearson (Delaware Bar No. 5652)
Dunlap Bennett & Ludwig PLLC
1509 Gilpin Ave Ste 2
Wilmington, DE 19806
(302) 468-7340
(703) 777-3656 (facsimile)
tpearson@dbllawyers.com


David Ludwig (admitted *Pro Hac Vice*)
W. Calvin Smith (admitted *Pro Hac Vice*)
Dunlap Bennett & Ludwig PLLC
211 Church St. SE
Leesburg, VA 20175
(703) 777-7319
(703) 777-3656 (facsimile)
dludwig@dbllawyers.com
csmith@dbllawyers.com
*Counsel for Debtor*