**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - o
In re:                                                          :   Chapter 11
                                                                :
TERRAVION, INC., *et al.*,                                      :   Case No. 20-12058 (JTD)
                                                                :
                                                                :   Re: D.I. 30
                 Debtors.                                       :
                                                                :   **Hearing Date: Oct. 14, 2020, at 2:00 p.m.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - o   **Obj. Deadline: Oct. 7, 2020**

**OBJECTION OF THE UNITED STATES TRUSTEE TO**
**DEBTORS' APPLICATION TO EMPLOY DUNLAP BENNETT & LUDWIG PLLC**

Andrew R. Vara, the United States Trustee for Region 3 (the "U.S. Trustee"),

through his undersigned counsel, objects to Debtor's Application for Retention of Dunlap

Bennett & Ludwig PLLC as Counsel to the Debtor and Debtor-in-Possession Pursuant to

Sections 327(a), 328, 330, 331 and 1107(b) of the Bankruptcy Code *Nunc Pro Tunc* to August

31, 2020 (D.I. 30) (the "Application"), and in support of his objection respectfully states as

follows:

**PRELIMINARY STATEMENT**

Roy Morris, a partner in Dunlap Bennett & Ludwig PLLC ("DBL"), is owed

$4,422,259.68 by the Debtors, making him the second-largest unsecured creditor in these

cases. Roy Morris' lack of disinterestedness should be imputed to DBL, and the Application

should be denied. Roy Morris is also the father of Robert Morris, who is the Debtors' founder,

member of the board of directors, former chief executive officer, and signer of the chapter 11

petitions. This connection makes Roy Morris an insider. However, the Application does not

disclose the connection. DBL's failure to disclose is a further basis to deny the Application.

## JURISDICTION

1.      Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this objection.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). The U.S. Trustee is authorized to monitor retention applications filed under 11 U.S.C. § 327 and, whenever the U.S. Trustee deems it appropriate, to file comments about such applications with the Court. *See* 28 U.S.C. § 586(a)(3)(I).

3.      The U.S. Trustee has standing to be heard on the Application pursuant to 11 U.S.C. § 307.

## BACKGROUND

4.      On August 31, 2020, the above-captioned debtors (the "Debtors") filed chapter 11 petitions in this Court.

5.      The petitions are signed by Robert Morris. *See* D.I. 1. Robert Morris is a director of the Debtors. *See id.* During the Section 341 meeting of creditors, Robert Morris testified that he is a founder of the Debtors and used to be their chief executive officer. *See also* https://www.terravion.com/about/ (last visited Oct. 6, 2020) (indicating Robert Morris founded TerrAvion in 2013).

6.       On September 15, 2020, the Debtors filed the Application.  The

Application includes the declaration of David Ludwig.  Mr. Ludwig's declaration states:

> To the best of my knowledge after diligent inquiry, neither DBL, any member of DBL, nor any attorney associated with or employed by DBL, has any "connection" (as that term is used in Bankruptcy Rule 2014(a)) with the Debtor herein, its creditors, any other party-in-interest herein, their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, with the exception of the following. Roy Morris, a non-equity attorney with DBL, is an investor in the Debtor and is on the list of the 20 Largest Unsecured Creditors. However, he has no involvement with this bankruptcy case

Application Exh. A ¶ 6.

7.       The Debtors owe Roy and Marie Morris $4,422,259.68.  *See* Official

Form 204, D.I. 1 at 11.  Mr. and Mrs. Morris are the second-largest creditor on the top-20 list.

They are owed more than creditors 3-20 combined.

8.       Roy Morris is Robert Morris' father.  The Application does not disclose

this connection.

9.       The Debtors have filed a motion to convert their chapter 11 cases to ones

under chapter 7.  That motion and the Application have been noticed for a hearing on October

14.

10.      The U.S. Trustee has not appointed a creditors' committee in this case.

## ARGUMENT

### A. Roy Morris, and by Extension DBL, Is Not Disinterested

11.      Roy Morris' lack of disinterestedness should be imputed to DBL, and the

Application should be denied.

12.    Section 327(a) of the Bankruptcy Code permits the retention of professional persons "that do not hold or represent an interest adverse to the estate . . . and that are disinterested persons . . . ."  Section 327(a) "restricts retention of lawyers and other professionals to those who do not hold or represent an interest adverse to the estate and are disinterested." *In re Congoleum Corp.*, 426 F.3d 675, 688-89 (3d Cir. 2005). *See also In re American Home Mortgage Holdings, Inc.*, 411 B.R. 169, 175-76 (Bankr. D. Del. 2008) (under Section 327(a), a debtor in possession may employ only those professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons.")

13.    Section 101(14) of the Bankruptcy Code defines "disinterested person" to mean a person that, among other requirements, "is not a creditor, an equity security holder, or an insider[.]"

14.    Sections 101(10), 101(14) and 327(a) of the Bankruptcy Code "unambiguously forbid a debtor in possession from retaining a prepetition creditor to assist it in the execution of its Title 11 duties." *U.S. Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994) (citing cases). *See also In re Pillowtex, Inc.*, 304 F.3d 246, 254 (3d Cir. 2002) ("a bankruptcy court that approves the retention of a prepetition creditor of the estate necessarily abuses its discretion.") (citing *U.S. Trustee v. Price Waterhouse*, 19 F.3d at 141); *In re American Home Mortgage Holdings, Inc.*, 411 B.R. at 176 ("To become disinterested, professionals need to waive their rights to any pre-petition claims they might have against the Debtor[.]"); *In re Fleming Companies, Inc.*, 305 B.R. 389, 393 (Bankr. D. Del. 2004) ("A disinterested person is someone who is not a creditor . . .") (quotation marks omitted).

15.     Roy Morris is not disinterested. He is the second-largest general unsecured creditor, owed $4,422,259.68. *See* Official Form 204, D.I. 1 at 11. Therefore, he is ineligible to be retained under Section 327(a).

16.     Where one member of a law firm is disqualified, the entire firm is properly disqualified. In *In re Essential Therapeutics, Inc.*, 295 B.R. 203 (Bankr. D. Del. 2003), Bingham McCutchen LLP was disqualified as debtors' counsel where one of its members had been an officer of the debtors in the two years before the petition date, despite the firm's proposal to establish an ethical wall to prevent the conflicted member from receiving any information about the cases. The Court wrote that because a law firm is an association of individuals and can act only through those individuals, the disqualification of one member of the firm must be attributed to all members. *Id.* at 210. "We conclude that having one member's independence and disinterestedness impugned because he was an officer must equally affect the firm's independence and disinterestedness such that the firm must be disqualified under Section 327(a) of the Code." *Id.* at 211.

17.     Here, Mr. Morris does not appear to be a peripheral attorney at DBL. According to DBL's website, he is a partner. He "co-founded a business-focused law firm which served the metropolitan Washington area for 34 years before combining with Dunlap, Bennett & Ludwig[.]" *See* https://www.dbllawyers.com/attorney/roy-morris/ (last visited Oct. 6, 2020). The Application states that Mr. Morris "has no involvement in this bankruptcy case" but does not state that an ethical wall was ever established. Application Exh. A ¶ 6. Especially given the size of Mr. and Mrs. Morris' claim against the Debtors, the Application should be denied.

**B. Failure To Disclose Connection Supports Denial of Application**

18.    The Application does not disclose that Roy and Robert Morris are relatives.

19.    Fed. R. Bankr. P. 2014(a) provides that professionals seeking to be retained under Section 327 must submit a "verified statement . . . setting forth the person's connections with the debtor" and others. "[I]t is incumbent upon the professional to make full disclosure, after which it is the role of the court, and not the professional, to make the ultimate determination vis-à-vis the information disclosed and compliance with the Bankruptcy Code and Rules." *In re GSC Group, Inc.*, 502 B.R. 673, 729 (Bankr. S.D.N.Y. 2013). The disclosures required of professionals "go[] to the heart of the integrity of the bankruptcy system . . . ." *In re Universal Building Products*, 486 B.R. 650, 663 (Bankr. D. Del. 2010) (*quoting In re B.E.S. Concrete Products, Inc*., 93 B.R. 228, 236 (Bankr. E.D. Cal. 1988)); *see also In re eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005) (same). "All facts that may have any bearing on the disinterestedness of a professional must be disclosed. Consistent with the duty placed on the professional, it is the responsibility of the professional, not of the court, to make sure that all relevant connections have been brought to light. So important is the duty of disclosure that the failure to disclose relevant connections is an independent basis for the disallowance of fees or even disqualification." *In re Leslie Fay Companies Inc.*, 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994) (citations omitted). *See also In re Universal Building Products*, 486 B.R. at 663-64 (failure to disclose connections itself is enough to warrant disqualification from employment) (citing cases). "Negligent omissions do not vitiate the failure to disclose." *In re B.E.S. Concrete Products, Inc.*, 93 B.R. at 237 (citations omitted); *see also In re Hathaway Ranch Partnership*, 116 B.R. 208, 219-20 (Bankr. C.D. Cal. 1990) ("A negligent

failure to disclose all facts required by Bankruptcy Rule 2014(a) does not relieve the professional of the consequences of failing to make a complete disclosure.")(citations omitted).

20.     The Debtors' bankruptcy petitions were signed by Robert Morris. Mr. Morris is a director of the Debtors. *See* D.I. 1. Based on his testimony at the Section 341 meeting, Mr. Morris is a founder of the Debtors and is their former chief executive officer. *See also* https://www.terravion.com/about/ (last visited Oct. 6, 2020). As a director of the Debtors, Mr. Morris is an insider. *See* 11 U.S.C. § 101(31)(B)(i). During the Section 341 meeting, Mr. Morris also testified that he is the son of Roy Morris. Therefore, Roy Morris is also an insider of the Debtors. *See* 11 U.S.C. § 101(31)(B)(vi). The Application does not disclose this connection. The lack of disclosure is an additional basis to deny the Application.

## CONCLUSION

21.     The U.S. Trustee reserves any and all rights, remedies and obligations to complement, supplement, augment, alter and/or modify this objection, file an appropriate motion or conduct any and all discovery as may be deemed necessary or as may be required, and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Application and grant such other relief as the Court deems appropriate and just.

Dated: October 7, 2020
    Wilmington, DE

Respectfully submitted,

**ANDREW R. VARA
UNITED STATES TRUSTEE,
REGIONS 3 & 9**

By: */s/ Benjamin Hackman*
    Benjamin A. Hackman
    Trial Attorney
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491 (Phone)
    (302) 573-6497 (Fax)
    benjamin.a.hackman@usdoj.gov